**No. 21-2174**

IN THE

# United States Court of Appeals for the Federal Circuit

POP TOP CORP.,

*Plaintiff-Appellant*

*v.*

RAKUTEN KOBO INC.,

*Defendant-Appellee*

Appeal from the United States District Court for the Northern District of California, Case No. 4:20-cv-04482, Magistrate Judge Donna M. Ryu.

## APPELLEE'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER FED. R. APP. P. 38

Joshua L. Raskin
Justin A. MacLean
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-6930
raskinj@gtlaw.com
macleanj@gtlaw.com

*Counsel for Appellee,*
*Rakuten Kobo Inc.*

June 6, 2022

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

ARGUMENT .............................................................................................1

    I.    Pop Top's Appeal Was Frivolous Both As Filed and As Argued...................1

    II.  The Amount of Kobo's Costs and Fee Request Is Appropriate.....................6

CONCLUSION...........................................................................................8

PROOF OF SERVICE.................................................................................9

CERTIFICATE OF COMPLIANCE.............................................................10

# TABLE OF AUTHORITIES

**Cases**                                                   **Page(s)**

*Abbs v. Principi*,
  237 F.3d 1342 (Fed. Cir. 2001) ...............................................................2

*Boyce v. Comm'r*,
  955 F.2d 47 (9th Cir. 1992) (unpublished table decision)...................3

*Conboy v. U.S. Small Bus. Admin.*,
  992 F.3d 153 (3d Cir. 2021) ...................................................................2

*Cooney v. Casady*,
  735 F.3d 514 (7th Cir. 2013) ..................................................................3

*Finch v. Hughes Aircraft Co.*,
  926 F.2d 1574 (Fed. Cir. 1991) .......................................................1, 2, 7

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
  822 F.3d 1312 (Fed. Cir. 2016) ..............................................................3

*Norell v. Quinn*,
  48 F.3d 1232 (10th Cir. 1995) (unpublished table decision)...............2

*In re Perry*,
  918 F.2d 931 (Fed. Cir. 1990) .................................................................5

*Schneider v. Comm'r of Internal Revenue*,
  697 F. App'x 474 (8th Cir. 2017) (*per curiam*)...................................2

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
  948 F.2d 1573 (Fed. Cir. 1991) ...........................................................1, 2

<u>**CERTIFICATE OF INTEREST**</u>

Pursuant to Federal Circuit Rule 47.4, I, Joshua L. Raskin, certify the following:

1.　The full name of the party represented by me is:

　　**Rakuten Kobo Inc.**

2.　The name of the real party-in-interest (if the party named in the caption is not the real party-in-interest) represented by me is:

　　**Not applicable.**

3.　All parent corporations or any publicly held corporations that own 10% or more of the stock of appellee:

　　**Rakuten Kobo Inc. ("Kobo") is a wholly-owned subsidiary of Rakuten USA, Inc., which is a wholly-owned subsidiary of Rakuten Group, Inc., a Japanese corporation that is publicly traded on the Japanese stock exchange. No other publicly held corporation owns 10% or more of Kobo's stock.**

4.　The names of all law firms and the partners or associates that appeared for the party now represented by me in the district court or are expected to appear for the party in this court are:

　　**GREENBERG TRAURIG, LLP**
　　**Joshua L. Raskin**
　　**Nicholas A. Brown**
　　**Justin A. MacLean**
　　**Vimal M. Kapadia**
　　**Kathryn E. Albanese**

5.　Case titles and numbers of any cases known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal:

　　***Pop Top Corp. v. Rakuten Kobo Inc.*, No. 22-1688 (Fed. Cir.)**

6. Information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):

**Not applicable.**

June 6, 2022                                  /s/ Joshua L. Raskin

**INTRODUCTION**

Appellee Rakuten Kobo Inc. ("Kobo") hereby submits its reply in support of its motion for sanctions ("Motion") against appellant Pop Top Corp. ("Pop Top") under Fed. R. App. P. 38 (Dkt. 40).

**ARGUMENT**

**I.     Pop Top's Appeal Was Frivolous Both As Filed and As Argued**

In its Response to Kobo's Motion (Dkt. 41), Pop Top repeats the same tired arguments it made earlier, before both the district court and this Court, that remain unsupported by any evidence of record. Pop Top cannot escape the fact that it has never adduced evidence that the "code for invoking" limitation was met, under any construction. Pop Top has frivolously pointed to the Hunter Affidavit as its evidence of infringement, which of course it isn't. Thus, Pop Top could not reasonably have expected to successfully oppose Kobo's motion for summary judgment. And, once the district court granted summary judgment, pointing out that Pop Top "utterly fail[ed] to raise any dispute of a material fact" by not producing any evidence for "code for invoking" in the internet document (Appx6), Pop Top could not reasonably have expected to manufacture such evidence for the record on appeal—because none existed. Pop Top's appeal, therefore, had no chance of succeeding from the start and, for that reason, was "frivolous as filed." *See State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991); *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1580 (Fed. Cir. 1991). And because Pop Top, via its counsel, continued to

make arguments in support of its frivolously-filed appeal—including by repeatedly mischaracterizing Kobo's position and insisting that its arguments regarding alleged infringement were "evidence" of infringement—Pop Top's appeal was also "frivolous as argued." *See Mor-Flo*, 948 F.2d at 1578; *Finch*, 926 F.2d at 1580.

In its Response, Pop Top essentially argues that the appeal was not frivolous because it raised two alleged errors by the district court that this Court reviewed de novo (as opposed to a more deferential standard such as abuse of discretion). (Dkt. 41 at 11-13.) But Pop Top cites no authority for a bright-line rule that a de novo standard of review *insulates* Pop Top from a finding of frivolousness. To the contrary, "the appropriate standard of review for a trial court's [determination] is not relevant to the issue of frivolity." *Abbs v. Principi*, 237 F.3d 1342, 1351 (Fed. Cir. 2001) (rejecting argument that because the construction of a statute by the United States Court of Appeals for Veterans Claims was reviewed de novo, sanctions were inappropriate). For this reason, many other appellate courts have imposed sanctions under Rule 38, where the appeal was from a grant of summary judgment and subject to de novo review. *See, e.g.*, *Conboy v. U.S. Small Bus. Admin.*, 992 F.3d 153, 156 & n.1 (3d Cir. 2021) (affirming summary judgment, granting the defendant's motion for damages under Rule 38, and noting de novo review standard); *Schneider v. Comm'r of Internal Revenue*, 697 F. App'x 474 (8th Cir. 2017) (*per curiam*) (same); *Norell v. Quinn*, 48 F.3d 1232 (10th Cir. 1995) (unpublished table decision) (same);

2

*Boyce v. Comm'r*, 955 F.2d 47 (9th Cir. 1992) (unpublished table decision) (same) *Cooney v. Casady*, 735 F.3d 514, 518, 523-24 (7th Cir. 2013) (ordering appellant to show cause why Rule 38 sanctions should not be issued, and rejecting the argument that such sanctions "are inappropriate because the standard of review is de novo.").

Moreover, Pop Top ignores the fact that the district court declined to consider the theories on which Pop Top based its appeal for failure to comply with the district court's Patent Local Rules (Appx8-9)—which this Court reviews for abuse of discretion. *See Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1320 (Fed. Cir. 2016) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006)). Pop Top did not address its noncompliance with the district court's Patent Local Rules in its opening brief on appeal, instead making unsubstantiated arguments that the district court "abused its discretion" only in its reply brief. (Dkt. 23 at 6.) For this separate reason, Pop Top had no basis to expect that this Court would reverse the district court's exercise of discretion, further highlighting the frivolous nature of the appeal and the arguments made in support thereof.

Setting aside this point, although the Court's review of the district court's grant of summary judgment would otherwise be de novo, such a review is also subject to the time-honored standards for opposing summary judgment. (*See* Dkt. 40-1 at 16.) To successfully oppose summary judgment of noninfringement, a patent

plaintiff must come forward with evidence—not mere argument—sufficient for a jury to return a verdict of infringement. (*See id.*) Pop Top identified no such evidence, either at the district court or during the appeal. In fact, it never even took discovery to adduce such evidence and never submitted an expert declaration supporting its baseless infringement theories (many of which were belatedly asserted). Instead, it repeatedly mischaracterized its *arguments*—set forth in a "voluntary claim chart," "infringement contentions," and in a claim chart in its "brief in opposition to summary judgment" (Dkt. 14 at 16)—as "evidence."

Indeed, even in opposing Kobo's present Motion, Pop Top continues to misrepresent the record. It characterizes its "claim chart within its opposition brief" on summary judgment as "evidence of infringement." (Dkt. 41 at 7.) It insists that "Pop Top marshaled evidence that would have supported this Court entering an order reversing the district court." (*Id.* at 12.) Pop Top further maintains that the district court "legally erred by assigning no *weight* to this evidence" (*id.* (emphasis added))—when, again, Pop Top never provided any evidence of infringement for the district court to have weighed.

And Pop Top, again, blatantly mischaracterizes the declaration of Trevor Hunter, Kobo's CTO, as including testimony that "commands are transmitted, based on user interaction, *from the eBook* to the content viewer." (*Id.* at 5 (citing Appx135) (emphasis added).) But Hunter never testified that commands are sent "from the

eBook." Rather, as this Court noted during oral argument, "reading [the Hunter Declaration] in total, *it's very clear* that what that's referring to *is not code that's on the eBook but rather code that's on the App*." Oral Arg. at 26:25-27:02. Pop Top's stubbornness on this issue knows no bounds, and demonstrates the frivolousness of both the appeal itself and the arguments advanced before this Court.

Finally, Pop Top argues that its appeal, and the conduct before this Court, was undertaken in "good faith," and that its arguments on appeal are not similar to the misconduct in *Finch*. (Dkt. 41 at 13.) Even assuming Pop Top's appeal was filed and argued in subjective good faith, that is irrelevant for purposes of deeming an appeal frivolous under Rule 38. "'Bad faith' is not a requirement for imposition of Rule 38 sanctions." *In re Perry*, 918 F.2d 931, 934 (Fed. Cir. 1990) (citation omitted). "The standard under Rule 38 is an objective one and has nothing to do with the mental state of the person sanctioned." *Id.* (citation omitted) Moreover, it is difficult to envision a subjectively good-faith rationale for Pop Top repeatedly mischaracterizing Kobo's positions, making irrelevant arguments about claim construction, and insisting that arguments are in fact evidence. Pop Top's conduct is wholly analogous to that in *Finch*, in that Pop Top "ignored the overwhelming authority against his position and falsely argued" that its supposed "evidence" met the Rule 56 standard (Dkt. 41 at 13 (citing *Finch*, 926 F.2d at 1580-82)), despite Supreme Court and Federal Circuit precedent to the contrary.

## II.   The Amount of Kobo's Costs and Fee Request Is Appropriate

Pop Top does not challenge the amount of Kobo's permitted taxable costs ($263.04) or non-taxable costs ($5,291.13), or the appropriateness of doubling those costs under Rule 38. Nor does Pop Top specifically take issue with *any* amount of the $76,639.93 spent on litigating the appeal through the Court's affirmance under Fed. Cir. R. 36. (*See* Dkt. 40-3 ¶7.) Pop Top does not argue that the discounted hourly rates charged by Kobo's counsel are unreasonable; nor does it argue that the number of hours spent on this appeal are unreasonable. (*Id.*) Accordingly, the portion of Kobo's requested monetary sanctions *other than* the fees actually or expected to be incurred for the instant Motion should not be disturbed and should be awarded in full against both Pop Top and its counsel, jointly and severally.

As to the fees incurred relating to this Motion, those fees are and were reasonably expended—and should be chargeable to Pop Top and its counsel. Those fees would not have been incurred but for Pop Top's frivolous appeal. Moreover, the work related to the Motion did not consist solely of regurgitating text directly from the record, as Pop Top does in its briefing and opposition. A party's knowing, overzealous pursuit of an appeal that is as devoid of merit as Pop Top's appeal was is so rare that analogous reported precedent from this Court on the issue is sparse. Thus, Kobo's attorneys had to undertake thorough research to ensure that its Motion was supported by ample legal authority, which it is. And while it was simple enough

6

to identify Pop Top's frivolous arguments, Kobo's attorneys needed to take extra care to present a clear record that Pop Top's conduct during the present appeal was so meritless as to warrant sanctions under Rule 38. To the extent that the Court believes of its own accord that Kobo's fees relating to this Motion are excessive, it can certainly reduce them to what it feels reasonable.[1] But Pop Top's arguments in its Response do not justify any such reduction.

In sum, Kobo's Motion is not filed lightly. Kobo understands that the Court "must be mindful of the possibility that awarding damages and costs could have an undue chilling effect on the behavior of later litigants," and that it should not impose sanctions "so freely as to make parties with legitimately appealable issues hesitant to come before an appellate court." *Finch*, 926 F.2d at 1578. But this appeal is not merely one in which a plaintiff was unsuccessful. Rather, it was an appeal that never should have been filed.

Summary judgment was granted in favor of Kobo because of an utter lack of evidence that "code for invoking a highlighting service"—regardless of the construction of that term—was included in the eBook, as required by the '623 patent. Despite having ample opportunity to take discovery and provide an expert declaration in support of its opposition to summary judgment, Pop Top never

---

[1] For example, it is possible that the estimate of fees needed to prepare this reply (*see* Dkt. 40-3 ¶9) may ultimately prove to have been overestimated or underestimated given the scope of Pop Top's argumentation.

attempted to adduce such evidence. Indeed, the dearth of evidence was so great that the district court deemed Pop Top's case to be exceptional. (*See* Dkt. 40-3, Ex. 1.)

Having failed to proffer such evidence, Pop Top simply should have folded its tent. Instead, Pop Top wasted the time and resources of Kobo and this Court by first filing, and then pursuing, the present appeal, repeating the same frivolous positions that it did before the district court. These are precisely the sort of circumstances that call for sanctions under Rule 38.

## CONCLUSION

For the foregoing reasons, Kobo respectfully requests that the Court deem Pop Top's appeal to be frivolous, sanction Pop Top and its counsel jointly and severally, and award Kobo double costs and Kobo's attorney's fees for litigating this appeal.

Dated: June 6, 2022

Respectfully submitted,

/s/ *Joshua L. Raskin*
Joshua L. Raskin
Justin A. MacLean
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-6930
(212) 801-3137
raskinj@gtlaw.com
macleanj@gtlaw.com

*Counsel for Appellee, Rakuten Kobo Inc.*

**PROOF OF SERVICE**

I hereby certify that on June 6, 2022, a true and correct copy of the foregoing

**APPELLEE'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS**

**UNDER FED. R. APP. P. 38** was timely filed with the Clerk of Court using the

appellate CM/ECF system, which will send notifications to all counsel registered to

receive electronic notices.

/s/ *Joshua L. Raskin*
Joshua L. Raskin
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-6930
raskinj@gtlaw.com

*Counsel for Appellee, Rakuten Kobo Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27(d)(2) and Federal Circuit

Rule 32(g)(1), I certify that the foregoing **BRIEF FOR APPELLEE RAKUTEN**

**KOBO INC.** is proportionally spaced, in a typeface of 14 points or more, and

contains 1,937 words, exclusive of those materials not required to be counted under

Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

/s/ Joshua L. Raskin
Joshua L. Raskin
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-6930
raskinj@gtlaw.com
macleanj@gtlaw.com

*Counsel for Appellee, Rakuten Kobo Inc.*
