NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**POP TOP CORP.,**
*Plaintiff-Appellant*

v.

**RAKUTEN KOBO INC.,**
*Defendant-Appellee*

---

2021-2174

---

Appeal from the United States District Court for the Northern District of California in No. 4:20-cv-04482-DMR, Magistrate Judge Donna M. Ryu.

---

**ON MOTION**

---

Before MOORE, *Chief Judge*, NEWMAN and STOLL, *Circuit Judges*.

Order for the court filed by PER CURIAM.

Dissent filed by *Circuit Judge* NEWMAN.

PER CURIAM.

**O R D E R**

Rakuten Kobo Inc. (Kobo) moves for sanctions against Pop Top Corp. (Pop Top) under Rule 38 of the Federal Rules of Appellate Procedure. Kobo argues that Pop Top's appeal was frivolous and requests attorneys' fees plus double its costs as damages. Kobo further requests we hold Pop Top and its counsel jointly and severally liable for the sanctions. For the following reasons, we grant the motion in part and deny it in part.

BACKGROUND

Pop Top owns U.S. Patent No. 7,966,623. The '623 patent relates to methods and systems for "content providers and authors of web-based content to enable highlighter functionality on their web pages." '623 patent at 1:16–19. The sole claim of the patent requires, among other things, an "internet document [that] includes *code for invoking a highlighting service* to operate with the internet document." *Id.* at claim 1 (emphasis added).

Pop Top sued Kobo in the Northern District of California, alleging infringement of the '623 patent. Pop Top contended that the eBooks Kobo serves via its eReader application are the claimed internet documents because they are "highlightable" and "include code." J.A. 304. Pop Top did not, however, identify any particular code in the eBooks that allegedly invokes a highlighting service, despite having access to the code in two sample eBooks. *See id.* (showing contents of ePub file for *A Tale of Two Cities*); J.A. 106 (Kobo's counsel stating "the e-book file for 'Win Bigly' is presently available for inspection at our New York City offices").

In correspondence, Kobo repeatedly explained to Pop Top that all code related to highlighting is in the Kobo App, not in individual eBooks. J.A. 92, 574, 580, 583. Kobo also stated that Pop Top's contrary position was frivolous and lacked evidentiary support. J.A. 96. And it advised Pop Top that "if you decline to dismiss the complaint at this time, Kobo will seek to recover its attorney's fees and

costs." *Id.* Pop Top did not heed that warning and continued to prosecute the case.

Kobo then moved for summary judgment of noninfringement. It argued that its eBooks do not contain "any code relating to highlighting" and that "[t]he only code relating to highlighting . . . is found in the Kobo App software itself." J.A. 287. For support, Kobo provided a declaration from its Chief Technology Officer, Trevor Hunter. The declaration states that the highlighting functionality is "located in the Kobo App itself." J.A. 175 ¶ 15; *see also* J.A. 175–84 ¶¶ 16–34 (identifying code in Kobo App related to highlighting functionality). It further states that no code in the eBooks "relate[s] to any highlighting capabilities of the Kobo App." J.A. 184 ¶ 36.

In response, Pop Top accused Kobo of attempting to inject into claim 1 a requirement that the internet document "include *all* code necessary to highlight the served internet document." J.A. 643 (emphasis added). It also argued that summary judgment was improper because Mr. Hunter's declaration showed that each eBook contains (1) "[c]ode identifying the eBook as a Reflowable ePub file" and (2) "code for causing a user interface object for invoking [sic] a highlighter service." J.A. 646–47, 674–75. Pop Top did not explain how this code supposedly satisfies the "code for invoking" limitation.

The district court granted summary judgment of noninfringement. Regarding Pop Top's claim construction argument, the district court determined that Pop Top "blatantly misconstrue[d] Kobo's position." *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 20-cv-04482-DMR, 2021 WL 2633479, at *5 (N.D. Cal. June 25, 2021) (*Summary Judgment*). It explained that Kobo never "contend[ed] that the internet document must include *all* code necessary to highlight the document. Rather, Kobo assert[ed] that the claim requires the internet document to include code for invoking a highlighting service, and it present[ed] evidence that the

eBooks for the Kobo App do not include any such code." *Id.* (internal quotation marks omitted). As for Pop Top's infringement theories based on Mr. Hunter's declaration, the district court held that Pop Top could not rely on those theories because it failed to disclose them in accordance with local rules. *Id.* at *5–6. Regardless, the district court determined that, "[c]ontrary to Pop Top's assertion, the declaration does not state that the eBook itself contains source code that invokes the highlighting service." *Id.* at *6. The district court therefore held there was no dispute of fact that the eBooks do not satisfy the "code for invoking" limitation.

Pop Top appealed. It argued that the district court erred by (1) not resolving the parties' alleged claim construction dispute and (2) holding that Pop Top presented insufficient evidence of infringement to survive summary judgment. On the first point, Pop Top claimed its position before the district court was that the "code for invoking" limitation merely requires "any code that leads to the highlighting of the internet document," whereas Kobo's position was that it requires "the code for highlighting the internet document." Appellant's Br. 16. On the second point, Pop Top cited Mr. Hunter's declaration and, for the first time on appeal, its infringement contentions. *Id.* at 16–17 (citing J.A. 98–103, 173–79, 300–11). Pop Top further argued, in its reply brief, that the district court abused its discretion in holding that Pop Top could not rely on Mr. Hunter's declaration to prove infringement. Appellant's Reply Br. 6.

We affirmed without opinion under Federal Circuit Rule 36. *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 2021–2174, 2022 WL 1397867 (Fed. Cir. May 4, 2022).

## Discussion

### A

Under Federal Rule of Appellate Procedure 38, we may "award just damages and single or double costs to the

appellee" if we determine that an appeal is frivolous. We have a "longstanding policy of enforcing Rule 38 vigorously." *Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1157 (Fed. Cir. 2017). An appeal is frivolous as filed when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991). An appeal is frivolous as argued when the appellant engages in misconduct in arguing the appeal. *Id.*

Kobo argues Pop Top's appeal was frivolous as filed. We agree. The district court determined that Pop Top offered "*no evidence whatsoever* that the eBooks for the Kobo App include 'code for invoking a highlighting service,' despite being in possession of a complete eBook file." *Summary Judgment*, 2021 WL 2633479, at *5 (emphasis added). Indeed, Pop Top relied solely on Mr. Hunter's declaration, but the declaration unequivocally states that the highlighting functionality is "located in the Kobo App itself," not the eBooks. J.A. 175 ¶ 15; J.A. 184 ¶ 36. Because it "utterly fail[ed]" to identify any evidence that the eBooks contain code for invoking a highlighting service, *Summary Judgment*, 2021 WL 2633479, at *4, Pop Top had no reasonable basis to appeal the district court's summary judgment.

Kobo further argues Pop Top's appeal was frivolous as argued. Again, we agree. As it did below, Pop Top "blatantly misconstrue[d] Kobo's position" in arguing that the parties disputed the scope of the "code for invoking" term. *Summary Judgment*, 2021 WL 2633479, at *5. Kobo stated it "d[id] not dispute" Pop Top's construction of that term. J.A. 520. Kobo instead argued that, even under Pop Top's construction, it does not infringe because the eBooks "do not contain *any code at all* that invokes the highlighting service." J.A. 521. Pop Top's misrepresentation of Kobo's position warrants sanctions. *See Mor-Flo Indus.*, 948 F.2d at 1579 (holding appeal frivolous as argued where

appellant "manufactured arguments in support of reversal by distorting the record").

Pop Top compounded its misconduct in arguing to us that it presented sufficient evidence to survive summary judgment. Pop Top cited its infringement contentions, but it never mentioned that evidence below in its opposition to Kobo's motion for summary judgment. *See* Appellant's Br. 16–17 (citing J.A. 98–103, 300–11); J.A. 646–48 (relying solely on Mr. Hunter's declaration). Pop Top also cited Mr. Hunter's declaration yet failed to address, until its reply, the district court's holding that Pop Top could not rely on that evidence under local rules. In any event, Pop Top did not explain how any of the cited evidence demonstrates that Kobo's eBooks contain code related to highlighting. Accordingly, Pop Top's appeal was frivolous as argued.

B

Rule 38 authorizes us to award single or double costs and "just damages," which may include attorneys' fees. *Mor-Flo Indus.*, 948 F.2d at 1581. Kobo requests attorneys' fees and double its costs. The total amount requested is $140,964.46, which includes $53,216.19 in attorneys' fees relating to this motion. We find the latter amount unreasonable. It took Kobo's counsel 107.6 hours to fully brief and argue the merits of this appeal. Mot. Ex. A ¶ 7. The same counsel then spent about 83 hours briefing Kobo's sanctions motion. *See id.* ¶¶ 8-9. Given that the sanctions briefing is only 28 pages long and largely parrots the merits briefing, counsel should have spent considerably less time preparing the sanctions briefing. We find that $20,000 is a more reasonable estimate of the actual cost of the sanctions motion. Accordingly, we award Kobo $107,748.27.

C

Kobo requests that we hold Pop Top's counsel jointly and severally liable for the sanctions award. We may hold an attorney jointly and severally liable for sanctions if an

appeal is frivolous due to the "nature of the advocacy in support of it." *Id.* at 1582. As we explained above, Pop Top's appeal was frivolous entirely because of the baseless arguments advanced by counsel. Moreover, Pop Top does not oppose joint and several liability in its response to Kobo's sanctions motion. We therefore hold Pop Top and its counsel jointly and severally liable for the sanctions.

## CONCLUSION

We grant-in-part and deny-in-part Kobo's motion for sanctions. We award Kobo $107,748.27, for which Pop Top and its counsel are jointly and severally liable.

**SANCTIONS IMPOSED**

FOR THE COURT

July 14, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**POP TOP CORP.,**
*Plaintiff-Appellant*

v.

**RAKUTEN KOBO INC.,**
*Defendant-Appellee*

---

2021-2174

---

Appeal from the United States District Court for the Northern District of California in No. 4:20-cv-04482-DMR, Magistrate Judge Donna M. Ryu.

---

**ON MOTION**

---

NEWMAN, *Circuit Judge*, dissenting.

I respectfully dissent from the award of attorneys' fees for this appeal. The panel majority holds that since Pop Top presents the same arguments on which it lost in the trial court, this appeal is frivolous and is sanctioned.

I agree that Pop Top did not have a winning case. However, due process and the Federal Rules provide the right of appeal. The United States has continually rejected the

"loser pays" philosophy of many countries, for our view of justice under law includes appellate review. *See Beghin-Say Int'l Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1573 (Fed. Cir. 1984) (declining to award sanctions despite "a total absence of merit" in the appellant's arguments).

An adverse decision on appeal of the merits does not subject the appellant to sanctions because the case was weak. Here, Pop Top sued Rakuten Kobo for infringement of a patent that had been granted with broad claims that Pop Top was attempting to enforce. The district court found non-infringement on summary judgment, and awarded attorneys' fees to Kobo. Pop Top appealed and asked this court for *de novo* review based on claim construction, a question of law. We affirmed the district court's judgment without opinion. *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 2021-2174, 2022 WL 1397867 (Fed. Cir. May 4, 2022).

Pop Top separately appealed the district court's award of attorneys' fees; that appeal is pending at this court. *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 22-1688 (appeal currently in briefing stage). Meanwhile, Kobo filed this motion for sanctions for Pop Top's unsuccessful appeal of the merits case. The panel majority awards appellate sanctions, relying on the district court's award of sanctions. However, it is inappropriate to sanction an appeal on the basis that there were sanctions below. It is also noteworthy that the district court's sanctions are not final, for they are on separate appeal. *See Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1554 (Fed. Cir. 1983) ("Whatever the events in the district court, we are duty-bound to guard our segment of the judicial process against abuse.").

An appeal is not frivolous or otherwise egregious simply because the appellant has a weak case. The right of appellate review applies even for weak cases. *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 863 (Fed.

Cir. 1991) ("As we have repeatedly noted, '[a]n appeal having a small chance for success is not for that reason alone frivolous' and thus deserving of sanctions." (quoting *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578 (Fed. Cir. 1991)).

In *Refac Int'l Ltd. v. IBM*, 798 F.2d 459, 460 (Fed. Cir. 1986), this court reversed a sanctions award where the appellant's arguments could "be said to fall just within the ragged edge of the penumbra surrounding legitimate advocacy." The court has also explained that "an appeal that does border the ragged edge of frivolity" is not necessarily sanctionable. *Beghin-Say*, 733 F.2d at 1573. "The line between the tenuously arguable and the frivolous can be an uncertain one, and sanctions should not be imposed so freely as to make parties with legitimately appealable issues hesitant to come before an appellate court." *Finch*, 926 F.2d at 1578.

The court cautioned that: "In determining whether or not an appeal is frivolous, . . . an appellate court must be mindful of the possibility that awarding damages and costs could have an undue chilling effect on the behavior of later litigants." *Id.* Likewise, our sibling circuits have "been reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing law or reasonable extensions thereof will not be deterred." *Hilmon Co. (V.I.) Inc. v. Hyatt Int'l*, 899 F.2d 250, 252–53 (3d Cir. 1990) (awarding sanctions for failure to serve defendants for seventeen months without "any evidence of 'good cause'" for the delay).

Sanctions may be appropriate, as for deliberate misstatements or intentional misrepresentation. *See, e.g., Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1381 (Fed. Cir. 1982) ("[Appellant's] allegation that the settlement is incomplete because it failed to dispose of a back pay issue is

spurious. There was no such issue."); *Romala Corp. v. United States*, 927 F.2d 1219, 1223 (Fed. Cir. 1991) ("[Appellant]'s statement of the government's position is grossly inaccurate.").

It is not unusual for an appellant to argue that the district court erred in claim construction. Pop Top states in its opening brief at 15: "The parties read claim 1 differently." Whether Pop Top's argument below was sanctionably frivolous may be explored in the pending appeal of the district court's award of sanctions, but sanctionable presentations in the trial court do not necessarily render the appeal sanctionable.

"There are . . . differences between excessive advocacy and inexperience on the one hand and clear frivolity on the other." *Beghin-Say,* 733 F.2d at 1573. Litigation by its nature reflects the spin of advocacy, and the right of appellate review is a safeguard to the rule of law. The judicial burden of reviewing a weak appeal or receiving one-sided argumentation does not warrant the sanction of award of attorneys' fees. From my colleagues' contrary ruling, I respectfully dissent.